## LAKE ERIE AND WESTERN RAILROAD COMPANY v. TAYLOR.

[No. 3,296. Filed December 14, 1900.]

CARRIERS.—*Railroads.*—*Injury to Passenger.*—*Instruction.*—In an action by a passenger against a railroad company for personal injuries, it is proper to instruct the jury that plaintiff had a right to rely on the company's discharging its duty toward her in providing

suitable station platforms, and such assistance from trainmen as might be necessary to enable her to alight in safety, the stopping of trains at stations at the proper place, and for a sufficient length of time to enable passengers to alight safely; and if the company is negligent in the discharge of one or all of such duties and plaintiff was injured thereby without any fault on her part, the company is liable for the injuries sustained.

From the Tipton Circuit Court. *Affirmed.*

*J. B. Cockrum, George Shirts* and *W. R. Fertig,* for appellant.

*T. J. Kane, R. K. Kane, T. E. Kane* and *R. P. Neal,* for appellee.

HENLEY, C. J.—Action by appellee against appellant to recover damages for personal injuries received through the alleged negligence of appellant. The complaint was in three paragraphs. A demurrer for want of sufficient facts was sustained to the first paragraph; the second paragraph was withdrawn. The cause went to trial upon the third paragraph of the complaint. There was a verdict and judgment in favor of appellee. Appellant moved for a new trial, which was overruled. The motion for a new trial calls in question the sufficiency of certain instructions given by the trial court to the jury, and the sufficiency of the evidence to sustain the verdict. These are the only questions discussed by counsel for appellant. It is contended that the following instruction is erroneous: "When a passenger enters the cars of the railroad company for transportation over its road, he or she, in a manner, places his or her person in the custody of the railroad company, and has the right to rely upon the railroad company's discharging its duty to provide for his or her safety; this duty involves the providing by the company of suitable and proper platforms on which passengers may alight from trains, and such assistance from the trainmen and employes as may be necessary to enable the passenger to alight safely from the train, and the stopping of trains at its stations in a proper place and for a sufficient length of .time to enable the passenger to

alight from the train in safety, and if the company is negligent in failing to discharge all or any one of the foregoing duties, and the passenger is injured by such failure without fault or negligence on his or her part, the company is liable for the injury sustained." We regard this instruction as a correct statement of the law. *Ohio, etc., R. Co.* v. *Stansberry,* 132 Ind. 533; *Louisville, etc., R. Co.* v. *Miller,* 141 Ind. 533.

Appellant's counsel do not in fact contend that this instruction is incorrect as an abstract statement of the law, but their contention.is that it is not applicable to the evidence and issues in this case. We,think, however, that the averments of the third paragraph of the complaint, upon which this cause was tried, are broad enough to justify the giving of this instruction, and we are unable to see in any event how appellant could have been harmed thereby. There was nothing in the instruction which was calculated to mislead the jury. When we have examined the evidence in this cause, we find sufficient evidence to sustain the verdict. The general verdict was a finding in favor of appellee upon all the contested questions, and the evidence being conflicting, the jury had a right to determine the disputed questions of fact.

We find no error. Judgment affirmed.