(95 South. 879)

**SOUTHERN RY. CO. v. HAYNE. (7 Div. 389.)**

(Supreme Court of Alabama. April 5, 1923.)

1. Carriers ☞318(8)—Evidence insufficient to sustain verdict for passenger for injuries in entering car.

In an action by a passenger for injuries sustained while entering a car, evidence *held* not sufficient to sustain a recovery.

2. Carriers ☞287(4)—Position of car step with relation to platform held no basis for claim of negligence.

That a car step was five or six inches above the platform was no basis for a claim of negligence for injuries received by passenger in entering the car without trainmen's assistance.

3. Carriers ☞287(4)—No duty to assist passengers in entering or leaving, unless necessary.

Unless necessary, a carrier is not required to furnish a portable box or footstool, when the lowest car step is not higher than is usual

for other vehicles from which people safely alight, or which they enter without such assistance, and, if proper physical facilities are provided, no duty ordinarily rests on the carrier to render manual assistance to passengers, even though requested to do so.

**4. Carriers ⬅281—Not required to be watchful for disabilities requiring assistance to passenger.**

Where a passenger is unable, through physical or mental disability, to care for himself, and this disability is made known, the carrier is under duty to assist the passenger, but need not anticipate such disabilities, nor be on the lookout for them.

**5. Carriers ⬅287(4), 303(8)—Carrier relieved from duty of assisting passenger, when aid rendered by companion.**

If a passenger is attended by a husband or friend apparently capable of giving needed assistance, the carrier is under no duty to proffer assistance in receiving or discharging passenger.

Appeal from Circuit Court, Calhoun County; A. P. Agee, Judge.

Action for damages by Margaret J. Hayne against the Southern Railway Company. From a judgment for plaintiff, defendant appeals. Reversed and remanded. Transferred from Court of Appeals under Acts 1911, p. 449, § 6.

Knox, Acker, Sterne & Liles, of Anniston, for appellant.

A carrier is not required to furnish a boarding or alighting passenger with a footstool or with personal assistance, in the absence of circumstances rendering such assistance necessary. A. C. L. R. Co. v. Farmer, 201 Ala. 603, 79 South. 35; Cent. of Ga. v. Carlisle, 2 Ala. App. 514, 56 South. 737; 10 C. J. 931; 152 Ky. 264, 153 S. W. 194, 48 L. R. A. (N. S.) 816.

Chas. F. Douglas, of Anniston, for appellee.

The evidence amply supported the verdict, and the trial court correctly overruled the motion for new trial. Caldwell v. State, 203 Ala. 412, 84 South. 278; S.-S. S. & I. Co. v. Bearden, 202 Ala. 220, 80 South. 42; Walker v. Amer. Agri. Chem. Co., 202 Ala. 214, 80 South. 36.

SAYRE, J. [1] The trial court erred in overruling defendant's (appellant's) motion for a new trial. Plaintiff presented three theories of her case and the jury found with her, but it is our firm conviction that the verdict cannot be sustained on any one of them. The great weight of the evidence points to this conclusion and none other.

[2] Plaintiff, a portly woman 72 years of age and not in robust health, claims to have suffered an injury, a sprain in the muscles of her back, when boarding a train at Atlanta, Ga. According to the testimony of herself and her husband, who was with her, she made no complaint or mention of having been hurt until after she reached her home in Anniston in this state. Then she went to bed and had the services of a physician. Common to all those counts of the complaint that went to the jury was the allegation that the lower step of the coach into which she entered was about two feet from the ground, and evidently her claim in the beginning was founded upon this alleged defect in the coach and the effect upon the muscles of her back produced by her effort to pull herself up into the coach. But upon consideration of the whole evidence we cannot doubt that the step was not as high as plaintiff and her witnesses, her husband and son, contend, nor was it too high; it was between five and six inches above the concrete platform, running along by the side of the coach, from which passengers passed to the steps and the coach. No negligence can be attributed to defendant in this arrangement of the steps to its coach.

In the next place plaintiff contends that the vestibule door was allowed to protrude five or six inches over the passageway up the steps, whereby she was caused to walk to one side, where her dress caught on something, presumably the latch which holds the platform in place when the door is closed. The testimony showed without dispute that the coach was constructed and equipped in all respects as are the standard all-steel coaches used on the best railroads in America, and there was no evidence that there was any defect in the door or latch. We are satisfied that there was no defect and that there was at the time no error of adjustment in the door.

In the third place plaintiff contended that after her dress was caught, as stated above, and while in consequence she was "creening," no one of the train crew came to her assistance. But as to this aspect of the case she received help and support from her husband, who was immediately behind her, and she suffered no fall. Furthermore, and more to the point, because she may have suffered a twist of the muscles of her back, which did not manifest itself in pain for some hours, there is no evidence that any member of the train crew saw that she was "creening," or about to fall, or that, if any one of them had seen her at that moment, any more expeditious or effectual help could have been rendered than was rendered by plaintiff's husband.

Moreover, with reference to the second and third stated aspects of the case, it is entirely clear upon the whole record that in the earlier stages of the controversy between the parties plaintiff's sole reliance was upon the proposition that she had suffered her in-

jury in an effort to pull up onto a step which was too high, and upon several occasions calling for an expression of her views—as, for example, when an agent of the defendant interviewed her and when making a statement about her injury first to her own physician and then to the defendant's physician—she attributed her accident to the too high step, saying nothing of any other proximate or contributory cause.

[3] Finally, it may be observed that this court has approved the following statements of the law applicable to a case of this character:

"In the absence of circumstances rendering such assistance necessary, a carrier is not required to furnish a boarding or an alighting passenger with a portable box or footstool;" and "where the lowest car step is not higher above the ground than is usual for other vehicles from which people safely alight without such assistance, it has been held that a footstool need not be provided;" and "if the proper physical facilities are provided for this purpose, no duty rests upon the carrier in ordinary cases to render manual assistance to its passengers, even though requested to do so." Atlantic Coast Line R. Co. v. Farmer, 201 Ala. 603, 79 South. 35.

[4, 5] It has been also held in this state that:

"Where a person is accepted as a passenger who is unable, through physical or mental disability, to care for himself, and this disability is known or made known to the carrier at the time of acceptance," the carrier is under duty to assist the passenger; "but it is not the carrier's duty to anticipate such disabilities or needs, nor to be on the lookout for them," and "if a person otherwise entitled to receive the volunteer aid of the carrier's agents in alighting from the car"—we assume, without deciding, that the same duty would be owed to a passenger boarding a car—"is nevertheless attended by husband or friend apparently capable of giving the needed assistance, the duty of the carrier is suspended, and assistance, at least volunteer assistance, need not be proffered." Central of Georgia v. Carlisle, 2 Ala. App. 514, 56 South. 737, cited approvingly in Louisville & Nashville v. King, 198 Ala. 168, 73 South. 456, and Atlantic Coast Line R. Co. v. Farmer, supra.

Plaintiff approached the train walking without assistance or obvious disability and attended by her husband and son, the latter a young man of 35. There was no reason in the construction, equipment, or management of defendant's train why she, as well as other passengers then and there alighting from and boarding the same coach, should not get aboard in perfect safety. The evidence admits of the conclusion that plaintiff strained the muscles of her back in her effort to pull herself up the steps of the coach, but, in the circumstances, we think no reasonable rule of due care can hold the defendant answerable for such an injury. The evidence, to our entire satisfaction, rebuts the idea that plaintiff's injury was suffered in any other way or by reason of any other cause.

Reversed and remanded.

ANDERSON, C. J., and GARDNER and MILLER, JJ., concur.