# CASES

IN THE

# SUPREME COURT OF ALABAMA

## OCTOBER TERMS 1926-1927, 1927-1928

---

(114 So. 290)

### SOUTHERN RY. CO. v. LAXSON.
### (8 Div. 927.)

Supreme Court of Alabama.    April 28, 1927.

**1. Carriers** ⊚⇒303(8)—**Woman passenger's known need occasioned by baby and baggage imposes on trainmen duty of assistance in alighting.**

Woman passenger's need, seen and known by the trainmen, occasioned by the incumbrance of a baby and baggage, imposes on the carrier the duty of personal assistance in alighting.

**2. Carriers** ⊚⇒303(8)—**Passenger's disability imposing on carrier duty to assist in alighting need not arise from physical or mental infirmity alone.**

Passenger's disability to alight need not, in order to impose on the carrier a duty of assistance, arise from physical or mental infirmity alone, but may arise from incumbrance of baby and baggage.

**3. Carriers** ⊚⇒281—**High decree of care due passengers inures to baby carried by woman passenger.**

The high degree of care due to passengers inures to baby carried by woman passenger.

Petition of Esther Laxson for certiorari to the Court of Appeals to review and revise the judgment and decision of that court in Southern Ry. Co. v. Laxson, 114 So. 288. Writ granted; reversed and remanded.

E. W. Godbey, of Decatur, for appellant.

It is the duty of the carrier to render assistance to passengers in alighting, when such assistance is necessary to enable the passenger to alight safely. Charge 5, given for plaintiff, correctly stated the law, and was properly given. A. C. L. v. Farmer, 201 Ala. 603, 79 So. 35; Cent. of Ga. v. Carlisle, 2 Ala. App. 514, 56 So. 737; 10 C. J. 932, 1053B; Hasbrouck v. N. Y. C. & H. R., 202 N. Y. 363, 95 N. E. 808, 35 L. R. A. (N. S.) 537, Ann. Cas. 1912D, 1150; Gilkerson v. A. C. L., 99 S. C. 426, 83 S. E. 592, L. R. A. 1915C, 664, Ann. Cas. 1916B, 248;

Lake Erie R. Co. v. Taylor, 25 Ind. App. 679, 58 N. E. 852; Horn v. Southern R. Co., 78 S. C. 67, 58 S. E. 963; M., K. & T. v. Buchanan, 31 Tex. Civ. App. 209, 72 S. W. 97; Southern R. Co. v. Mitchell, 98 Tenn. 27, 40 S. W. 72; Southern R. Co. v. Reeves, 116 Ga. 743, 42 S. E. 1015; R. R. Co. v. Aspell, 23 Pa. 149, 62 Am. Dec. 323; Johnson v. Southern R. Co., 53 S. C. 303, 31 S. E. 212, 69 Am. St. Rep. 851; International, etc., Co. v. Williams (Tex. Civ. App.) 183 S. W. 1185; Jarmy v. Duluth Co., 55 Minn. 271, 56 N. W. 813.

S. A. Lynne, of Decatur, for appellee.

An instruction not limiting the care required to such as is practicable or consistent with the practical operation, is erroneous and prejudicial. L. & N. v. Bowen, 212 Ala. 690, 103 So. 872; B. R., L. & P. Co. v. Barrett, 179 Ala. 274, 60 So. 262. It is no part of the duty of the railway carrier to assist passengers in alighting from its cars. Southern R. Co. v. Hayne, 209 Ala. 186, 95 So. 879; A. C. L. v. Farmer, 201 Ala. 603, 79 So. 35; C. of Ga. v. Carlisle, 2 Ala. App. 514, 56 So. 737; Ill. Central R. Co. v. Cruse, 123 Ky. 463, 96 S. W. 821, 8 L. R. A. (N. S.) 299, 13 Ann. Cas. 593.

Railroad employees are not bound to anticipate the need of assistance of a woman incumbered with a young child and a small bundle, so as to render the carrier liable in case she falls while attempting to debark from the train without assistance. C. of G. v. Carlisle, supra; Ill. Central v. Cruse, supra; L. & N. v. Johnson, 168 Ky. 351, 182 S. W. 214, L. R. A. 1916D, 514; C., B. & Q. v. Lampman, 18 Wyo. 106, 104 P. 533, 25 L. R. A. (N. S.) 217, Ann. Cas. 1912C, 788.

BOULDIN, J.   The Court of Appeals reversed the cause for the giving of charge 5, at the request of plaintiff. The charge reads:

"The court charges the jury that if Mrs. Laxson had a hand satchel, a baby, and a bundle, and if there were other passengers with baggage crowding behind her at or about the time she was trying to leave the train, and if she

---

⊚⇒For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

then and there needed the assistance of the trainmen in getting off, and if these conditions were seen and known by the trainmen while acting within the scope of their employment, they owed her the duty to help her to get off safely."

Commenting on this charge, the opinion of the Court of Appeals says:

"Written charge 5 given at appellee's request, does not, we think, state the law correctly. The charge, confusingly worded, conveys to the mind the idea or impression that the fact that appellee had a hand satchel, a baby, and a bundle, and that there were other passengers with baggage crowding behind her at or about the time she was trying to leave the train, if seen and known by the trainmen, imposed upon them the duty of assisting her to alight."

·We do not approve this construction of the charge in question. The inclusive condition hypothesized in the charge is: "If she then and there needed the assistance of the trainmen in getting off." That she had a hand satchel, a baby, and a bundle, and other passengers with baggage were crowding behind her, are stated as conditions bringing about her need of assistance. "If these conditions were seen and known by the trainmen." relates to all the conditions stated, including her need of assistance at the time. Such, we think, the natural and obvious import of the charge to be gathered by the jury.

[1] The legal question then is, Does the need of assistance, seen and known by the trainmen, occasioned by the incumbrance of a baby and baggage carried by a lady passenger, impose the duty to personally assist the passenger to alight? The view of the Court of Appeals appears to be that the need of assistance, known to employees, is limited to aged, very young, infirm, or helpless passengers—persons mentally or physically unable to safely alight.

In the case of Central of Ga. Ry. Co. v. Carlisle, 2 Ala. App. 514, 56 So. 737, quoted by the Court of Appeals, that court dealt with a case where the passenger was incumbered with "a valise, a parasol and a fan," and accompanied by her husband. In stating the general rules, the case did not undertake to define all the conditions of disability, which, when known to the trainmen, would impose the duty of assistance. It was declared that plaintiff's condition was not one ·of obvious infirmity or disability.

In L. & N. R. Co. v. King, 198 Ala. 168, 73 So. 456, the plaintiff was a young, able-bodied woman impeded merely by two hand-bags or grips. It was declared that in view of the general duty to all passengers in common, there was nothing in the condition of the plaintiff to raise a special duty to her; that there is no general duty to handle the baggage of passengers or assist them to alight because of such incumbrance. See, also, Southern Ry. Co. v. Hayne, 209 Ala. 186, 95 So. 879.

None of our cases have involved the duty to a passenger in need of assistance by reason of the care of a baby and the baggage incident to travel with a baby.

In Atlantic Coast Line R. Co. v. Farmer, 201 Ala. 603, 79 So. 35, it was said:

'"If the proper physical facilities are provided for this purpose, no duty rests upon the carrier in ordinary cases to render manual assistance to its passengers, even though requested to do so. 10 C. J. 931, § 1352, 5. The general rule, and some of the exceptional cases, are stated and discussed in Central of Ga. Ry. Co. v. Carlisle, supra; 10 C. J. 932, § 1353b."

The text of 10 C. J. 932, § 1352b, states the general rule thus:

"The duty of rendering personal assistance to a passenger in boarding or alighting depends on the circumstances and conditions surrounding the passenger in the particular case, and it may become the duty of the carrier's employees to assist a passenger in boarding or alighting, where the circumstances are such as to indicate that he requires such assistance."

In Horn v. Southern Ry., 78 S. C. 67, 58 S. E. 963, a lady passenger, with several parcels, had requested assistance before reaching destination; her husband was carrying the baby, and while alighting, incumbered with baggage, she was injured. The court said:

"As a general rule, it is not the duty of the carrier to provide servants to carry hand parcels. Considering the number of passengers usually on a car and the unreasonable burden it would be on the railroad to employ attendants enough to assist all of them, as a general rule, passengers ought not to incumber themselves with parcels they are not able to carry with safety. But there are exceptions to these rules which the carrier must recognize when brought· to his notice, especially where assistance is asked, in form of the aged or maimed or sick, or children, or adult persons traveling with small children who may be unable to carry the parcels usually allowed to the passenger as reasonably necessary."

In Mo. K. & T. R. Co. v. Buchanan, 31 Tex. Civ. App. 209, 72 S. W. 96, a lady passenger holding a large valise and bundle behind her in one hand, and directing a small child in front of her with the other hand, was injured while alighting. The Texas court wrote:

"The general rule is, as insisted upon by the appellant, to the effect that it is only the duty of the carrier to furnish safe appliances and facilities for alighting from its train, and give passengers a reasonable time within which to alight upon arrival at their destination, and that, ordinarily, the carrier is not burdened with the duty of extending personal assistance to a passenger in alighting from and leaving the train; but the failure to do this in this particular instance is made one of the grounds of negligence relied upon, and there is proof which authorized the submission of the issue to the jury. The rule contended for might be made to

yield to the circumstances of the particular case, if the facts and circumstances were such as to indicate to those in control and management of the train that the passenger needs assistance in alighting."

In Central of Ga. R. Co. v. Madden, 135 Ga. 205, 69 S. E. 165, 31 L. R. A. (N. S.) 813, 21 Ann. Cas. 1077, it is said:

"Ordinarily it is no part of the duty of the employees * * * to assist passengers to alight therefrom; but this duty on their part may arise when the circumstances are such as to suggest to them the necessity of assistance."

Such appears to be the prevailing rule. Gilkerson v. Atlantic Coast Line R. Co., 99 S. C. 426, 83 S. E. 592, L. R. A. 1915C, 664, Ann. Cas. 1916B, 248; Clark v. Durham Traction Co., 138 N. C. 77, 50 S. E. 518, 107 Am. St. Rep. 526; Hasbrouck v. N. Y. Cent. & Hudson R. R. Co., 202 N. Y. 363, 95 N. E. 808, 35 L. R. A. (N. S.) 537, Ann. Cas. 1912D, 1150; Lake Erie & Western R. Co. v. Taylor, 25 Ind. App. 679, 58 N. E. 852; Southern Railway Co. v. Mitchell, 98 Tenn. 27, 40 S. W. 72; Southern Ry. Co. v. Reeves, 116 Ga. 743, 42 S. E. 1015. While some of the cases state the rule rather more broadly than ours, in cases of a passenger incumbered with baggage merely, the care of a baby in arms presents a case well within the generally prevailing doctrine that where personal assistance is seen to be needed, duty demands it should be rendered.

[2] Disability need not arise from physical or mental infirmity alone. The right of the lady passenger to travel with her baby is unquestioned. Parcels and baggage are usual and necessary incidents to such travel.

[3] The high degree of care due to passengers inures to the baby. Care of the mother is care of the baby. Otherwise stated, assistance to the passenger is a part of the duty growing out of the entire situation, creating a necessity for assistance known to trainmen.

The facts of this case are not before us. The Court of Appeals leaves their statement to the reporter. We limit our decision, therefore, to the grounds upon which charge 5 was condemned by that court. The ground stated in its opinion assumes there was evidence of the conditions hypothesized and a case was presented for defining the duty of the carrier.

If there were circumstances. such as engagement of trainmen in other necessary duty at the time, which interfered with rendering the needed assistance, it does not so appear. As a rule, such facts would call for an explanatory charge, and would not render charge 5 error to reverse.

We determine merely the legal questions presented in the opinion of the court touching the instruction given.

The Court of Appeals was in error in reversing the cause for the giving of charge 5, upon the grounds stated.

Writ of certiorari granted, and cause remanded to the Court of Appeals.

All the Justices concur.