165 So. 77

## ROBERTS v. KURN et al.
### 2 Div. 52.

Supreme Court of Alabama.
Nov. 21, 1935.

Rehearing Denied Jan. 16, 1936.

386

Goerge Pegram, of Linden, for appellant.

W. F. Herbert, of Demopolis, and Watson & Pasco & Brown, of Pensacola, Fla., for appellees.

FOSTER, Justice.

This is an action for personal injuries claimed to have been caused plaintiff by defendant's negligent failure to provide for him as a passenger while alighting at his destination "a proper and sufficient place, light, means and facilities to enable him safely to alight."

The evidence most favorable to plaintiff was that he was such a passenger, and though 72 years old, he was hale and hearty and showed no evidence of infirm-

ity, and was not infirm. His only baggage was a satchel, not shown to have been burdensome. He did not seek aid, and showed no sign of needing any, and does not claim in the complaint for a failure to provide aid. The particular act of negligence attempted to be shown was the failure to provide a footstool or box on which to step on alighting from the steps of the car. There was no such box provided, nor a substitute for one. The evidence was that the bottom step was at most 17½ inches from the platform or ground. This was a smooth hard surface of chert plastered down evenly on a grade with the rails. Plaintiff did not fall, and it was after daylight, and though he looked for the box before he stepped, he saw it was not there, but claims that on account of the height of the step a hernia condition, which he had, was caused to be acute resulting in an operation. He had hernia from early childhood, with more or less trouble. The doctor says that his acute condition could have been brought on by such a step. Plaintiff testified that it was so brought on. The court gave for defendant his requested affirmative charge.

The duty to aid a passenger to alight has been well considered in this state. Atlantic Coast Line R. Co. v. Farmer, 201 Ala. 603, 79 So. 35; Central of Georgia Ry. Co. v. Carlisle, 2 Ala.App. 514, 56 So. 737.

Although plaintiff testified that no aid was rendered him by the trainmen, as to which the evidence was in dispute, no such claim is made in the complaint, and none of the evidence showed that plaintiff apparently needed any aid, or that defendant owed plaintiff the duty to render it; so the right to the affirmative charge for defendant is dependent solely upon whether from that evidence the jury could find a duty was owing plaintiff to provide a box or footstool at that time and place for alighting. Such need did not apparently exist in respect to plaintiff, more than to any other ordinary man in good health and strength. Such was plaintiff's condition as he testified. There was nothing to impose upon defendant such a duty, unless a step of 17½ inches to smooth, hard, level ground, in the light of early day, served to do so.

The question has been considered by the courts in various states, as well as in Alabama. We think that the same idea prevails, and that its substance is that the circumstances must be such as to impress a reasonable person that the passenger in question apparently needed the aid of a box or footstool to alight safely. This need may arise from the physical condition of the passenger or his incumbrances, or the darkness at the alighting place, or its unevenness or distance from the lowest step. But there must be some circumstance from which a reasonable person may infer that the particular passenger then and there needed such an alighting appliance. The cases so holding are as follows: San Antonio, etc., Ry. Co. v. Wiuvar (Tex.Civ.App.) 257 S.W. 667; Texas Midland R. Co. v. Frey, 25 Tex.Civ.App. 386, 61 S.W. 442; Young v. Missouri Pac. Ry. Co., 93 Mo.App. 267; 10 Corpus Juris, 934; Atlantic Coast Line R. Co. v. Farmer, 201 Ala. 603, 79 So. 35; Southern Ry. Co. v. Hayne, 209 Ala. 186, 95 So. 879.

We do not think that any reasonable person could find that there was any apparent danger in not providing a box for alighting from a train under the circumstances we have stated, as described in plaintiff's testimony, with none other more favorable to him. There was therefore no jury question.

In respect to assignments 1 and 2, it seems that the witness, on page seven of the transcript, virtually answered the question. Moreover, the complaint does not claim for a want of assistance, nor does the evidence show that defendant had notice of any such need by plaintiff. It could properly be shown as a part of the res gestæ, but the answer most favorable to plaintiff would not have affected the right of defendant to the affirmative charge.

Assignments numbered 3 and 6. While it might probably be shown the extent of the distance between the "ground and the last step of the carriages, springwagons and buggies in general use," Young v. Missouri Pac. Ry. Co., supra; Atlantic Coast Line R. Co. v. Farmer, supra, and we may add, automobiles, busses, and street cars generally, we think plaintiff should not select one make of car and confine the inquiry to that, so that the exclusion of such evidence would be reversible error.

And as indicated by assignments numbered 4, 5, and 12, it is not permissible to select some other railroad, and ask what it would have done under the circumstances.

Assignments numbered 7, 9, 10, 11, and 13. These questions call for the opin-

388

ion of the witness which do not require technical skill or expert judgment, and, therefore, invade the province of the court.

■■ Assignment numbered 8. The inquiry in this question is as to the practice of well-regulated railroads in assisting passengers to alight. It is not directed to the use of a box or other appliance, and may refer to some other physical assistance. But assuming that it did refer to the issue made by the complaint, we do not think it showed reversible error for several reasons. A technical one is that it does not disclose what was expected to be proven. Flowers v. Graves, 220 Ala. 445, 125 So. 659. But if he would testify that such railroads furnished such appliances under conditions shown by the evidence in this case, it would still not be reversible error, conceding that in many cases the use of certain appliances by well-regulated railroads is admissible upon the question of due care. Alabama Power Co v. Bryant, 226 Ala. 251, 146 So. 602.

That rule does not apply when the conduct is, in the opinion of the court, an act of additional precaution not reasonably necessary under the circumstances as a matter of law, when there can be no reasonable difference of opinion as to what is due care. It is often true that the question of due care is so plain that it is one of law. Southern Ry. Co. v. Hayne, supra. Then custom cannot affect it in any respect. Hibler v. McCartney, 31 Ala. 501; Warden v. Louisville & N. R. Co., 94 Ala. 277, 10 So. 276, 14 L.R.A. 552; George v. Mobile & O. R. Co., 109 Ala. 245, 19 So. 784; Chicago, etc., R. Co. v. Driscoll, 176 Ill. 330, 52 N.E. 921.

"What ought to be done is fixed by a standard of reasonable prudence, whether it is usually complied with or not." What is usually done may be evidence of reasonable prudence when there may be conflicting inferences or opinions on the subject in respect to the facts under consideration. But when the existence of the duty, or its absence, is clearly without conflicting inferences, usage can be of no value.

As we have said, we think the want of a duty to plaintiff to furnish an alighting appliance on the occasion in question is clearly without conflicting inferences. If others did so under those circumstances, "it was but a self-imposed duty for the violation of which there could, of course, be no liability. Barney v. Railway, 126

Mo. [372], 392, [28 S.W. 1069, 26 L.R.A. 847]." Young v. Missouri Pac. Ry. Co., supra.

In the Young Case, supra, the facts are strikingly similar to those we are here considering. This is also true in the case of San Antonio, etc., Ry. Co. v. Wiuvar, supra.

We find no reversible error, and the judgment is affirmed.

Affirmed.

GARDNER, BOULDIN, and BROWN, JJ., concur.