ALLEN, Chief Judge.
The appellant, as plaintiff in the lower court, filed an action against the appellee-defendant for damages for injuries received when she fell while boarding defendant’s bus allegedly due to the negligent failure of the bus driver to assist her in boarding the bus. A trial by jury resulted in a verdict for the defendant and, after the denial of a motion for new trial, final judgment was entered for the defendant from which plaintiff has appealed.
On March 16, 1958, the plaintiff, who is 5 feet 10 inches tall and weighs .175 pounds, ' and a lady seventy years of age, purchased a ticket at the Sarasota bus station for a one-way trip to St. Petersburg. When the bus arrived in the station she became first in line to board the bus. The plaintiff stated that she handed the bus driver her ticket; that he nodded for her to get on the bus; that she requested him to help her up the steps because she was carrying her handbag and two small suitcases; that she requested the driver the second time to assist her, but he did not do so; and that she fell while trying to board the bus by herself. The plaintiff also stated that the bus driver was only a “foot or two” away from her when she .requested his assistance; but that the bus driver stated he did not hear her requests for assistance because he was talking to some other people.
*733 Three witnesses who were present when plaintiff fell, stated that she fell before she attempted to enter the bus. The step of the bus is IS inches from the ground which is apparently the normal distance or height of bus steps. The plaintiff stated on cross-examination that this step was a normal bus step; and that she had traveled on buses alone over a period of years.
In her original complaint, plaintiff alleged that because of her age, size, and objects that she was carrying, the defendant’s driver was negligent and careless in failing to respond to her two requests for assistance. The court sustained the defendant’s motion to dismiss this complaint and commented that the plaintiff must show that the defendant’s driver knew she needed assistance. The plaintiff then filed her amended complaint in which she alleged that the defendant’s driver knew or should have known that she needed assistance.
In denying the motion for a new trial, the able trial judge in his order said:
“This cause is before the Court on motion of the plaintiff for a new trial wherein the jury returned a verdict on behalf of the defendant. The motion contains the usual grounds as to the verdict being contrary to the law and to the evidence and complains mainly of error on the part of the Court in its instructions to the jury. This Court is of the opinion that the verdict of the jury is well supported by the evidence and is in accord therewith. The charges of the Court are in line with and supported by the case of Tampa Electric Co. v. Fleischaker [152 Fla. 701], 12 So.2d 901. The fifth ground of the motion complains of the failure on the part of the Court to give to the jury its proposed charge on the degree of care owed by a carrier to its passengers, which charge counsel were advised the Court would give. At the conclusion of all the evidence a conference was held and counsel were advised by the Court generally of the instructions to be given by the Court and were advised by the Court that such charges would be given orally by the Court to the Jury and not first reduced to writing, with which practice on the part <pf this Court, counsel were familiar. Instructions to be given, as counsel were advised, were given to the jury as is shown by the transcription of the Court’s charges made by the Court Reporter, all of which is shown by the transcription of the charges before the Court at the hearing.”
The appellant complains of the following charge given by the lower court:
“Now, in this case, the charge is that the plaintiff twice requested assistance from the driver and this was not given to her. Now, you are instructed that you must find that the plaintiff, Bertha M. Sumpter, either asked the bus driver for assistance in boarding the bus and that the driver failed to give it to her, that the driver ignored it, or that the plaintiff’s physical condition at the time was such that it would lead a reasonable prudent person to believe that she needed assistance in boarding the bus and that the bus company or its employee had knowledge of this physical condition and failed to render it. In other words, the bus company must have actually known, it must have been made known to the employee by the plaintiff, or her physical condition was such that the bus driver was put on notice that she .required assistance in either one of those two cases, and that he failed to give her the assistance, and that the failure to do that was the proximate cause of her injury.”
In the case of Tampa Electric Co. v. Fleischaker, 152 Fla. 701, 12 So.2d 901, 904, referred to above by the trial judge, while it involves the comparative negligence statute of Florida, discusses the duties of a motorman to lend such assist- *734 anee as may be necessary for a passenger’s protection.
In the case the Court, in its opinion, said:
“The step plaintiff was required to alight from was about 22 inches from the ground. The motorman knew, or by the exercise of ordinary care should have known, that the step was unreasonably high. It became the duty of the motorman to lend such assistance to the plaintiff as was necessary for her protection under the circumstances. See 10 Am.Jur. 229, par. 1378; Southern Railway Co. v. Laxson, 217 Ala. 1, 114 So. 290, SS A.L.R. 385, and annotations beginning with page 389. Where a passenger’s mental or physical weakness is apparent, or is brought to the attention of the carrier, the high degree of care or caution ordinarily imposed on carriers require it to take notice of the passenger’s disability and provide accordingly. See Am.Jur. par. 1273, p. 184, and authorities cited in footnotes. 10 C.J. par. 1363, states the rule thusly:
“ ‘ * * * where a street railroad operates its tracks beyond the limits of the city through uneven, open country, it is governed by the rules regulating steam railroads as to the receipt and discharge of passengers. Thus it is the duty of the employees in charge of street cars to exercise toward every passenger getting on or alighting from a car that high degree of care which prudent persons engaged in the operation of cars exercise for the safety of passengers under like circumstances; but this degree of care is not in its application to all persons always the same, as what would be sufficient care as to one person might not be sufficient as to another. * * *
Under the facts in the instant case and the rule announced in Tampa Electric Co. v. Fleischaker, supra, we find no error in the charge of the lower court.
The evidence adduced at the trial of the case developed conflicts between the testimony of the plaintiff and of the defendant, which it became the duty of the jury to determine the correctness of the facts testified to by the witnesses. For instance, the plaintiff testified that she fell as she attempted to step onto the bus but various eye-witnesses testified she fell or slumped to the ground before she reached the bus. Other witnesses testified, including the plaintiff, that they had not heard any announcement that the bus was ready to load passengers at the time the plaintiff fell. The plaintiff’s family physician stated that she did not appear elderly, physically weak or infirm. The plaintiff testified that she made two requests for assistance to the bus driver, she did not know whether the bus driver heard her or not, while the bus driver and other passengers present heard no request made by the plaintiff for assistance until after she fell.
The plaintiff stated she had travelled on buses for years and that the bus step in question was no different or higher than those of others she had ridden.
The appellee, in its brief, refers to the case of Jacksonville Street Railway Co. v. Chappell, 1885, 21 Fla. 175, 182, wherein the Supreme Court said:
“ * * * There is no testimony that the driver knew or had ever known of his condition or infirmity; there is none that the driver saw him before he got on the car, or that seeing him the circumstances or surroundings were such as to permit the driver to see the external evidence of his infirmity, or that a sight of him would have suggested the infirmity to a man of ordinary discernment and exercising due care.
# ^ sj?
“ * * * not think there is any testimony from which it could be inferred that it must have been apparent to the car driver that the plain *735 tiff was in a crippled condition * * or that consequently he was called upon to use a greater degree of care than in the case of an apparently well and sound passenger * * *. Negligence is the failure to observe, for the protection of another’s interests, ' such care, protection and vigilance as the circumstances justly demanded, and the want of which causes him injury. And it cannot be presumed, hut must be affirmatively proved. Brown v. Street Railway, 49 Mich. 153.”
In 10 Am.Jur. Carriers, § 1376, p. 227, the following general law is stated on the subject of failure to assist passengers in boarding or alighting from cars:
“Ordinarily, there exists no duty upon the part of the carrier to assist a passenger in boarding or alighting from a car or train. Consequently, there is no liability for failure to render such assistance. Where the passenger is in full possession of his faculties, of good health, and able to move about alone, and there is nothing defective about the car platforms or steps, and the place of stopping presents no special difficulties to those entering or leaving the car, there is no duty to render assistance. Nor will a carrier be liable for failure to assist a passenger when ignorant of his need of assistance.
“ * * * However, the duty to assist passengers in boarding or alighting from trains or cars may arise when the surrounding circumstances are such as to suggest to the employees of the carrier the necessity of assistance. The obligation of the carrier, in this respect, depends largely upon the nature of the vehicle, the facility with which a passenger may leave or enter the conveyance, and similar circumstances. In the case of a passenger making a request for assistance, in alighting, or where, by the use of ordinary care, the carrier’s employees see that help is needed, it becomes the duty of the carrier to furnish such assistance. The question whether, in a particular instance, the circumstances were such as to suggest the necessity of assisting a passenger to board or alight from a train or car is essentially a factual one, to be decided in the light of the surrounding circumstances and the character of the hazards presented.”
In this same volume, in Section 1381, it*1 is stated:
“In the event that a passenger is blind, sick, aged, very young, crippled, or infirm, and his condition is apparent or made known to the carrier, it is bound to render him the necessary assistance in boarding or alighting from its trains or cars, and it is liable for any injuries sustained due to its carelessness or negligence in this respect. * * í|í 33
The annotator in 9 A.L.R.2d 958, § 10, states:
“The physical or mental condition of a passenger injured through a fall while alighting from a motorbus has been weighed in a number of cases in considering the duty and liability of the carrier. The courts appear to agree that the fact that a bus passenger, who is physically handicapped, fell while alighting from the vehicle does not in itself render the carrier liable for resultant injuries; that while a driver having knowledge of the impaired physical condition of a passenger must afford proper assistance to the passenger, the carrier is not liable for injuries to such passenger, if the driver was unaware of the physical condition and such condition was not easily recognizable; also that the passenger may be guilty of contributory negligence if he exceeds his known physical capacities while attempting to alight from the bus.”
The appellant further argues that the trial judge did not fully and completely in *736 struct the jury on the duty owed by a carrier to its passengers for hire.
We have read in full the charges to the jury given by the trial judge and do not find the charges subject to the criticism made by the appellant.
We are of the opinion that the court below correctly ruled on the points of <?aw presented to him in the trial of this case and that the factual decision as to negligence of the appellee and the contributory negligence of the appellant were questions to be, and were, determined by the jury.
Finding no error below, we affirm the judgment.
Affirmed.
KANNER and SHANNON, JJ., concur.