ST. LOUIS, S. F. & T. RY. CO. v. GORE et ux. No. 11435.

Court of Civil Appeals of Texas. Dallas. Feb. 17, 1934.

Rehearing Denied March 17, 1934.

Head, Dillard, Maxey-Freeman & McReynolds and Jesse. F. Holt, all of Sherman, and Allen & Gambill, of Fort Worth, for appellants.

John D. Reese, of McKinney, for appellee.

BOND, Justice.

This action was brought by appellees, W. F. Gore and wife, Arreen Gore, against appellant, St. Louis, San Francisco & Texas Railway Company, in the district court of Collin county, to recover damages for injuries alleged to have been sustained by said Arreen Gore, through the negligence of the operatives of one of appellant's trains. It will serve no useful purpose to set out the pleadings of the respective parties; suffice to state that, the issues of negligence, proximate cause, and contributory negligence are therein fully joined. The parties will be designated as in the trial court.

The gravamen of appellant's appeal is that the evidence does not support the findings of the jury, on which judgment was rendered. In this we are constrained to agree, and further conclude that Mrs. Gore's version of the occurrence places her recovery beyond cavil. Taking her testimony at its full worth, though contradicted and impeached in many particulars, it is in substance that, on August 2, 1930, she and her two children were going to Kemp, Tex., and, as she was attempting to board defendant's train at Prosper, on account of same not being equipped with a step box, she was compelled to step up about thirty inches to the lower step of the car, and, while her right foot was on the step, the conductor released his hold on her arm, causing her to become overbalanced, fall backward and, to avoid a complete fall, catch hold of the train handrail, resulting in her becoming strained and sick. She further testified that, after recovering a balanced position on the step, she went into the coach, sat down in the smoking compartment, and, being dizzy, sick, and feeling a vomiting sensation, reclined on the seat; that the conductor came through, picked up her grip, and invited her to go into the next compartment; that she did not tell the conductor she was sick or injured while boarding the train, and stated that apparently he did not know of her condition; that, when she got to Dallas, the conductor again came through the coach, got her suitcase, and, as she started out, two ladies and her oldest child (about 8 years of age), were leaving the car ahead of her, and, as they were stepping from the train, she observed a brakeman assisting them by taking hold of their arms or hands; that, in line with his duty, she expected to receive such assistance, but instead the brakeman had his back to them, talking to the two ladies; that she made no request for aid, and the brakeman was not apprised of her illness; that, as she descended and reached the second step from the top, holding to her child's hand, without warning, the child jumped, jerking her forward and, in her sick and dizzy condition, became overbalanced and fell backward to the step, causing her injuries.

The record reveals that Mrs. Gore was 38 years of age, robust and amply able to care for herself, and that her two children were also in good health; that the conductor, in taking her baggage, left her unincumbered with luggage; that there were no defects in the steps; that the train equipment was in

perfect condition; and that the bottom step was conveniently low, only eight inches from the top of the platform.

The case was submitted to a jury on special issues, resulting in its finding, in substance, that Arreen Gore was not injured while boarding the train at Prosper, but while getting off of the train at Dallas; that she and her child needed assistance in alighting from the train, and that such assistance was reasonably apparent to defendant's trainman; that the train operatives failed to render them assistance, and that such failure was negligence and a proximate cause of the injuries complained of. The jury further found that Arreen Gore was not guilty of contributory negligence in alighting from the train, and that her injuries were not the result of an unavoidable accident. On the above finding, judgment was rendered for plaintiff in the sum of $825.

The suit is declared by plaintiffs upon two alleged injuries, one at Prosper, when Mrs. Gore boarded the train, and the other at Dallas, when attempting to leave it. As stated, the jury rejected her alleged injuries at Prosper, and we think its verdict thereon is fully supported by the testimony.

Negligence is a failure of duty, an omission to do something which a reasonably prudent person would have done. Unless, under the circumstances of this case, appellant's agent was under some duty to go up the steps to the assistance of Mrs. Gore and her child, his failure to do so does not give rise to a cause of action in favor of plaintiffs. In our opinion, it would indeed be stating a harsh rule to hold that a railroad trainman is required to leave his accustomed post of duty to assist passengers, where the need of such assistance is unknown to him. Under what theory then may it be reasonably contended that the company's agent knew or should have known of the circumstances calling for any other than the assistance usually rendered at the foot of the steps?

It is of the essence of actionable negligence that (1) the person to be charged should have had knowledge that there was a duty for him to perform; (2) to reasonably anticipate that injury would result from a failure to perform that duty; and (3) the injury must result from such failure. When these three essential elements are united, they constitute actionable negligence, and the absence of either of these elements renders the evidence insufficient. So, can it be reasonably contended that the act of the child, in jumping from the steps while holding to her mother's hand, thereby causing Mrs. Gore to be jerked and forcibly fall on the steps, could have been reasonably anticipated by defendant, in the exercise of the high degree of care incumbent upon railway companies? We think not. The child's act, unattended by any act or omission on the part of defendant's agent, undoubtedly was the sole proximate cause of the injuries complained of. The test universally applied, as to whether a negligent act is a proximate cause of the injury, is whether, in the light of all the attending circumstances, the injuries were such as ought reasonably to have been anticipated as a consequence of the act. See Payne v. Robey (Tex. Com. App.) 257 S. W. 873. The jumping of the child and the jerking of appellee was the intervention of an independent, unforeseen, and unexpected cause, with which neither the lack nor omission of duty on the part of defendant's agent, directly or proximately, co-operated, and was the sole cause of the resultant injuries.

While ordinarily it is a question of fact as to whether an intervening act or agency, causing or contributing to the injury, ought to have been foreseen by the one upon whom a duty rests, yet this record, in our opinion, reveals the inescapable conclusion, that no such issue exists in this case. The failure of the company's agent to assist Mrs. Gore and her child in descending the train steps, could not co-operate with the act of the child's jumping. She jumped of her own volition; her jumping caused the resultant injuries, for which defendant could not, in any way, be responsible.

In our opinion, the judgment on the findings of the jury is insufficiently supported by legal testimony, and is manifestly contrary to law, thus requiring this court to ignore the verdict on which the judgment was rendered. As stated above, the injured party has placed the version of the occurrence beyond a recovery, thus making the issue of her injuries at Dallas a question of law. So we therefore conclude that the judgment of the court below should be reversed and here rendered for defendant.

Reversed and rendered.