### SOUTHLAND GREYHOUND LINES, Inc., v. KING et ux.

### No. 3169.

Court of Civil Appeals of Texas. El Paso. March 14, 1935.

Rehearing Denied April 4, 1935.

E. L. Klett, of Lubbock, and Frank Stubbeman, of Midland, for appellant.

Whitaker & Peticolas, of El Paso, for appellees.

HIGGINS, Justice.

This is a suit by Buck King and wife, Savanna King, against appellant to recover damages for personal injuries sustained by Mrs. King in a collision between a Ford truck driven by Mrs. King and a bus of appellant at the intersection of Front and Wall streets in Midland, Tex. Upon special issue findings, judgment was rendered in favor of plaintiffs for $4,250, from which the defendant appeals.

This is a companion case to Southland Greyhound Lines, Inc. v. King (Tex. Civ. App.) 77 S.W.(2d) 281, in which a writ of error had been granted by the Supreme Court. The plaintiff in that case was a passenger in the Ford truck. We refer to the opinion of this court in that case for statement of the circumstances under which the collision occurred.

All propositions submitted in the present appeal were presented in the appeal in the companion case. In this case, however, no question arises as to any improper remarks by the trial judge to the jury urging it to reach a verdict.

According to the Texas syllabi of February 13, 1935, the Supreme Court, in granting the writ of error in the companion case, did so upon the assignments complaining of said remarks and the refusal to submit appellant's requested issue No. 12, inquiring whether the driver's (Mrs. King's) negligence in not undertaking to turn to the left was the sole proximate cause of the injury.

By its second proposition in this appeal, appellant complains of the refusal to submit the same requested issue No. 12, which reads:

"(1) After Savanna King saw the motor bus approaching, did she undertake to cause the Ford car to turn to the left?

"(2) If not, was such failure negligence?

"(3) Was such negligence, if any, a contributing proximate cause of the injury?

"(4) Was such negligence, if any, the sole proximate cause of the injury?"

We have again carefully considered the question so raised and adhere to the view expressed in the opinion of Justice Walthall in the companion case, that the refusal of such issue presents no error, because the same was sufficiently covered by other defensive issues in fact submitted.

We will not discuss the proposition further, for we assume the Supreme Court will also grant a writ of error in this case upon the ground that it was error to refuse submission of the issue. In view of such probable action by the Supreme Court, further discussion by this court of its reasons for overruling the second proposition would be superfluous.

■ All other propositions here presented were decided against appellant in the other appeal and call for no further discussion.

Affirmed.