**SCHROEDER v. WHISENANT et al.**

**No. 4554.**

Court of Civil Appeals of Texas. Amarillo.

March 16, 1936.

Rehearing Denied April 27, 1936.

Homer C. DeWolfe and E. C. Gaines, both of Austin, for appellant.

Polk Shelton & Emmett Shelton, and Everett L. Looney, all of Austin, for appellees.

MARTIN, Justice.

Ruby Whisenant, surviving wife of Charles Whisenant, deceased, sued appellant for herself and as next friend of Loraine Whisenant, infant daughter of herself and the deceased, for the death of said deceased, alleged to have been caused by the negligence of the servant and agent of appellant in the operation of a truck, which collided on a public highway near Austin with a car occupied by deceased and another. The issues submitted sufficiently illustrate the pleadings and general nature of the case.

Some of these for the appellees in substance were:

"Do you find from a preponderance of the evidence that the truck of the defendant was being operated at a speed in excess of twenty-five miles per hour just prior to and at the time of the collision in question? * * *

"Do you find from a preponderance of the evidence that the defendant's truck was being operated at the time and place of the collision complained of with extraordinarily bright headlights focused in such a manner as to blind occupants of cars approaching said truck and going in an opposite direction? * * *

"Do you find from a preponderance of the evidence that the operator of defendant's truck failed to keep a proper lookout for the motor vehicles upon said highway immediately prior to and at the time of the collision in question? * * *

"Do you find from a preponderance of the evidence that the defendant's truck, or any part of same, at the time of the collision in question was being operated on the left side of said highway, and beyond the center thereof, according to the direction in which said truck was being driven and operated at the time of the collision in question?"

The following defensive issues were submitted:

"Do you find from a preponderance of the evidence that at the time of the collision in question Charles Whisenant and Tommy McGoldrick were driving a car belonging to J. B. Anderson that had heretofore been taken from him without his consent or knowledge? * * *

"Do you find from a preponderance of the testimony that at the time of the collision in question Charles Whisenant and Tommy

572

McGoldrick were attempting by the use of excessive speed to avoid discovery of the fact that they had taken said car without the knowledge or consent of the owner, either by getting away with the same, or by getting the same back to Taylor in time to avoid discovery of their act? * * *

"Do you find from a preponderance of the evidence that the said Charles Whisenant was driving the car in which he was riding on the public highway of the State of Texas while he was in an intoxicated condition? * * *

"Do you find from a preponderance of the evidence at the time of the collision in question that Charles Whisenant was driving the car in which he was riding at the rate of speed of more than 45 miles per hour? * * *

"Do you find from a preponderance of the testimony that immediately preceding and at the time of the collision in question Charles Whisenant was driving the car in which he was riding (taking into consideration all of the facts and circumstances) at a dangerous rate of speed? * * *

"Do you find from a preponderance of the testimony that at and immediately before the collision Charles Whisenant was driving the car in which he was riding, or any part thereof, to the left of the center of the road, according to the direction in which his car was traveling? * * *

"Do you find from a preponderance of the testimony that the said Charles Whisenant in approaching the defendant's truck failed to keep a proper lookout for traffic on said highway? * * *

"Do you find from a preponderance of the testimony that said Charles Whisenant immediately prior to the collision in question failed to slow down the speed of his car in attempting to pass the truck of the defendant? * * *

"Do you find from a preponderance of the testimony that the deceased Charles Whisenant at the time and circumstances in question failed to so operate his car in such a manner as to have the same under reasonable control?"

All these, with appropriate corollary issues, were answered favorably to appellees. Judgment was for $5,000 total, apportioned $2,500 to each of the appellees. We copy these because practically all are under attack here as having no support in the evidence.

It would serve no useful purpose to set out at great length the evidence pro and con upon these issues. The bench and bar well understand the rule, repeated with monotonous regularity week after week, that an appellate court, in passing on such a question, will consider the evidence as a whole in its most favorable light to the finding, and when thus measured, if there is evidence to sustain the finding, it will not be disturbed.

When measured by this rule, the quoted findings are sufficiently supported by the evidence, which it would be a waste of space to here repeat.

Particularly vigorous is appellant's attack on the jury finding that the deceased was not intoxicated at the time of the collision. His traveling companion swore positively he was not, and had drunk no whisky and only one bottle of 3.2 beer. He was corroborated in part by other evidence. If the right of a jury trial is to be preserved, why should we be allowed to set such a finding aside, because perchance it may not coincide with what our finding would have been?

We overrule all these assignments without further discussion.

It is contended that the trial court erred in refusing to give the following special charge: "Was the act of Charles Whisenant and Tommie McGoldrick in driving said car on the public highway while they were in an intoxicated condition a proximate contributing cause to the collision?"

This charge was plainly on the weight of the evidence in that it assumed that the occupants of the car were intoxicated, when the same was a hotly contested issue. Then too, how could something the jury found had no existence have been a proximate cause? The jury found deceased, who was driving, was not intoxicated as indicated above. This finding made it unnecessary to have such an issue as the above passed on. Other special issues requested were fully covered by the defensive issues already quoted. In addition, some of these were subject to the same objection as the last one just repeated.

The court's charge on the measure of damages is attacked as authorizing a double recovery. This portion of the charge was apparently an attempt to comply with the rule laid down in 33 Tex.Jur. p. 143, and the case of Texas & N. O. R.

Co. v. Glass (Tex.Civ.App.) 201 S.W. 730. It substantially, but somewhat inaccurately, did so. No objection whatever was made to this phase of the charge by appellee, nor was any special issue requested to cure any supposed defect therein. The appellant assumes that he has the legal right to raise an objection to same for the first time after the trial. Such is not the law. The charge was not reasonably calculated to mislead the jury in our opinion, and if so, the trial court would have doubtless corrected it, if it had been given the opportunity.

We find no error in this record requiring a reversal.

The driver of a heavily loaded truck had been going some nineteen or twenty hours without sleep. He admitted he was driving to catch another, which preceded him out of Austin about ten minutes. The accident happened on a curve about 1 o'clock a. m. The truck skidded some 50 to 150 feet and overturned. The car did not. The appellant appears to have received all and perhaps more than he was entitled to under the proven facts at the hands of the trial court.

The judgment is affirmed.