## LATTIMER v. TEXAS & PAC. RY. CO.

### No. 1649.

Court of Civil Appeals of Texas. Eastland.

March 26, 1937.

Rehearing Denied May 14, 1937.

Frank D. Wear, of Paris, for appellant.

Head, Dillard, Maxey-Freeman & Mc-Reynolds, of Sherman, for appellee.

LESLIE, Chief Justice.

Jimmie Mercer Lattimer, a passenger on appellee's train from Bagwell to Paris, Tex., fell down the steps at the point of destination when she undertook to leave the train. By next friend she institutes this suit against the Texas & Pacific Railway Company for damages alleged to have been occasioned her by reason of the negligence of the defendant, its agents and servants, in failing to render her assistance when she alighted from the train. The defendant answered by general denial, contributory negligence, and unavoidable accident. The trial was before the court and jury, and upon the verdict returned judgment was rendered for defendant. The parties will be referred to as in the trial court.

In response to issues submitted the jury found (1) that as plaintiff stepped from the platform of the train she fell and was

injured; (2) that it reasonably appeared to the conductor that the plaintiff needed assistance; (3) that the failure of the conductor to volunteer assistance as she was leaving the train was not the proximate cause of her falling; (4) that plaintiff was guilty of negligence in undertaking to go down the steps of the car without taking hold of the handrail; (5) that such negligence on her part was not the sole proximate cause of her falling and being injured; (6) that appellant was in need of assistance in attempting to alight from the train; (7) that it was not reasonably apparent to the appellee's brakeman that the appellant was in need of assistance in attempting to alight from the train.

From the judgment entered on this verdict, the plaintiff appeals and presents three assignments of error. The first complains of the use of the word "volunteer" in issue No. 3; the second, improper argument of counsel; and, third, misconduct of the jury.

The defendant in its brief presents first a cross-assignment of error to the effect that the trial court erred in overruling its motion for an instructed verdict on the ground that the plaintiff failed to show any negligence on the part of the defendant. We first pass upon this contention, since the plaintiff's assignments would become immaterial if this proposition is sustained.

Looking to the undisputed testimony, we find that the plaintiff at the time of her accident was a young colored woman, seventeen years of age, strong and healthy; that on the arrival of the train at Paris it stopped still at the usual place for passengers to alight. The only baggage carried by the plaintiff was a hat box and a lady's purse. The platform and steps were in good condition and without defects. The steps were corrugated metal to prevent slipping. Nothing unusual in the height of the steps, their slope, or the distance to the depot platform is suggested by the testimony.

The accident occurred in the afternoon and in the daytime. In dismounting, the plaintiff was not rushed or crowded by other passengers. The brakeman was at the foot of the steps of the coach to assist passengers to alight from the train. The conductor was at his proper place, and, according to the testimony of plaintiff's witnesses, he admonished passengers generally to look out, be careful, and not fall.

Under these circumstances, the plaintiff in passing out of the coach came to the head of the car steps with her hat and purse in one hand and the hat box in the other. The plaintiff testifies that when she reached the "edge of the platform" and "started to take the first step" she "fell." When asked "Did your foot slip or not?" she replied, "I don't know."

"Q. What is your best recollection, did you fall from your heel catching, or anything? A. As I got to the first step from the platform * * * I began falling, it seems my foot caught or slipped and I went right down to the ground.

"Q. Your recollection is that your foot slipped or caught? A. Yes sir.

"Q. How did you fall, did you slide down or how? A. I kinder skidded. * * *

"Q. When you started to get off the train down here at the depot, did you think you were in any danger, down at the passenger station did you think any danger confronted you? A. No sir. * * *

"Q. Your foot slipped or your heel caught and you fell? A. I don't know.

"Q. That is what I say, you don't know just what occurred, except that you fell, and that is about all you know about it? A. Yes sir.

"Q. You do not know what made you fall? A. No, I don't know what made me fall. * * *

"Q. * * * you did not see anything when you were going off the car did you? A. No sir.

"Q. You could see where you were going couldn't you? A. Yes sir.

"Q. You could see where you were stepping? A. Yes sir.

"Q. * * * Did you fall head foremost? A. No sir.

"Q. How did you fall? A. I fell on my left side. I know I stumbled and fell, I kinder stumbled.

"Q. When did you fall? A. When I made my first step from the platform to the first step.

"Q. And when you fell you slided down the steps, went down steps feet foremost? A. Yes sir. * * *

"Q. Did the heels come off both shoes or not? A. Yes they came off both shoes."

The brakeman standing on the platform at the foot of the steps for the purpose of

assisting passengers in alighting was obviously unable to reach a passenger stumbling or falling at the top of the steps. When she came within his reach, he rendered her the usual assistance under such circumstances.

The plaintiff alleged various specific acts of negligence, but in the submission of issues of liability to the jury all of them were by acquiescence of the plaintiff eliminated except the one based upon the failure of the carrier to render assistance as she was leaving the train.

■ This court has carefully considered the evidence and as we appraise it there is not to be found any testimony even tending to establish negligence, as alleged, on the part of the defendant. No inference of negligence arises from it. Joske v. Irvine, 91 Tex. 574, 44 S.W. 1059.

■ We understand the general rule in such cases to be that it is the duty of the carrier to furnish safe appliances and facilities for alighting from the train and give the passenger a reasonable time within which to alight upon arrival at his destination, and that ordinarily the carrier is not burdened with the duty of a personal assistance to a passenger in alighting from and leaving its trains. Ft. Worth & D. C. Ry. Co. v. Yantis (Tex.Civ.App.) 185 S.W. 969 (writ ref.); Wisdom v. Chicago, R. I. & G. Ry. Co. (Tex.Com. App.) 231 S.W. 344; Chicago, R. I. & G. Ry. Co. v. Wisdom (Tex.Civ.App.) 216 S. W. 241; San Antonio & A. P. Ry. Co. v. Wiuvar (Tex.Civ.App.) 257 S.W. 667; Missouri P. Ry. Co. v. Wortham, 73 Tex. 25, 10 S.W. 741, 3 L.R.A. 368; St. Louis, S. F. & T. Ry. Co. v. Gore et ux. (Tex. Civ.App.) 69 S.W.(2d) 186; 4 R.C.L. 1234, § 654. These authorities also hold that in Texas there are certain well-recognized exceptions to this general rule of assistance, as, for instance, where the passenger is "blind, sick, aged, very young, crippled, or infirm and his condition is apparent or made known to the carrier." 4 R.C.L. § 654, p. 1235. In such cases it is held that the carrier is bound to render such passenger the necessary assistance in boarding or alighting from its trains. "On the other hand," states the same authority, "no duty to render assistance will devolve upon the carrier where the passenger is in possession of his faculties, of good health and able to move about alone, and there is nothing

defective about the car platforms or steps and the place of stopping presents no special difficulties to those entering or leaving the car."

■ As above stated, the plaintiff was strong, alert, in full possession of her faculties, saw the steps and the platform, perceived no danger, and requested no assistance. The defendant apprehended no danger. Clearly there is nothing in the instant case to bring it within an exception to the general rule stated. The plaintiff's testimony excludes her case from any of the exceptions. Such being the case, we conclude that the judgment of the court below is correct, the only one that should have been rendered. We sustain the cross-assignment of error and affirm the judgment. It is so ordered.