**WILLIAMS et al. v. LONG.**
No. 8464.

Court of Civil Appeals of Texas. Austin.
May 26, 1937.

Rehearing Denied June 16, 1937.

E. C. Gaines, of Austin, for appellants.

Wright Stubbs, Polk Shelton & Emmett Shelton, and Everett L. Looney, all of Austin, for appellee.

BLAIR, Justice.

Appellee, George E. Long, sued appellants, Thomas Williams, N. D. Williams, L. L. Williams, and W. E. Satterwhite as partners doing business under the name of Williams Lumber Company, to recover damages for personal injuries sustained in a collision of a Chevrolet coupé driven by appellee and a 6-wheel truck and trailer driven by an employee of appellants. The collision occurred at the intersection of East Second and Red River streets, in the city of Austin. There was no appreciable collision between the automobile and the truck, "the back part of the door being dented in a little bit, and the seam was ripped out on the turtle"; but the arm of appellee, which rested on the door of his automobile, with the elbow extending out, was struck by the rear end of the trailer so that it was seriously injured. The case was submitted to the jury upon 57 special issues, and upon their answers, judgment was rendered in favor of appellee for the sum of $3,280.80; hence this appeal.

The pleadings of appellee and appellants consisted of the usual charges of negligence and defensive pleas as in cases of automobile collisions. The jury found appellants' agent negligent in the several acts charged, and that each of such acts of negligence was a proximate cause of the injuries to appellee. Appellants concede that the jury's answers entitled appellee to the judgment rendered, except for the jury's answers to two series of questions, submitted by special issues Nos. 24, 25, 26, 27, 28, and 29, which issues and the jury's answers thereto read as follows:

"Special Issue No. 24: Do you find from a preponderance of the evidence that the plaintiff drove said Chevrolet coupe near the center of the street at a point where cars would be expected to approach through said intersection from the opposite direction?" Answer: "Yes."

"Special Issue No. 25: Do you find from a preponderance of the evidence that the act of plaintiff in driving said Chevrolet coupe near the center of the street at a point where cars would be expected to approach through said intersection from the opposite direction was an act of negligence on his part?" Answer: "No."

"Special Issue No. 26: Do you find from a preponderance of the evidence that the act of plaintiff in driving said Chevrolet coupe near the center of the street at a point where cars would be expected to approach through said intersection from the opposite direction was a proximate cause of the collision?" Answer: "Yes."

"Special Issue No. 27: Do you find from a preponderance of the evidence that plaintiff was driving said Chevrolet coupe with one arm resting on the open window thereof and his arm and elbow extending outside of said car at the time and place of the accident?" Answer: "Yes."

"Special Issue No. 28: Do you find from a preponderance of the evidence that the act of plaintiff in driving said Chevrolet coupe with one arm resting on the open window thereof and his arm and elbow extending outside of said car was an act of negligence on his part?" Answer: "No."

"Special Issue No. 29: Do you find from a preponderance of the evidence that the act of plaintiff in driving said Chevrolet coupe with one arm resting on the open window thereof and his arm and elbow extending outside of said car was a proximate cause of his injuries?" Answer: "Yes."

Appellants pleaded the foregoing acts as contributory negligence on the part of appellee. They here contend that since the jury found that appellee (1) drove his car near the center of the street, and (2) with his arm resting on the open window and his elbow extending outside the car; and that since the jury

found that each of these acts of appellee was a proximate cause of his injury, it was the duty of the court to render judgment for appellants; and that if there is any doubt about this, then the answers of the jury were so conflicting that no judgment could be rendered.

We do not sustain these contentions. It is true that the jury found that appellee drove "near the center of the street at a point where cars would be expected to approach from said intersection from the opposite direction," but they also found in answer to the following question that this was not negligence on the part of appellee. It is also true that the jury found that plaintiff was driving "with his arm resting upon the open window" of the car, and "his arm and elbow extending outside of said car"; but they also found that this was not negligence. It is the well-settled rule in this state that in order to defeat recovery on the part of an injured person by reason of contributory negligence, there must be a concurrence of (1) negligence on the part of the injured person, and (2) that such negligence must have been the proximate cause. St. Louis S. F. & T. Ry. Co. v. Gore (Tex. Civ.App.) 69 S.W.(2d) 186; San Antonio & A. P. Ry. Co. v. Behne (Tex.Com.App.) 231 S.W. 354; City of Dallas v. Maxwell (Tex.Com.App.) 248 S.W. 667, 27 A.L.R. 927; Houston & T. C. R. Co. v. Werline (Tex.Civ.App.) 84 S.W.(2d) 288; Texas & N. O. R. Co. v. Kveton (Tex.Civ.App.) 48 S.W.(2d) 523.

Nor do we sustain the contention that there is an irreconcilable conflict in the answers of the jury to the foregoing questions. There is no conflict between the answers of the jury that appellee did the acts charged as contributory negligence, and its answers that such acts were not negligence. Nor is there any conflict between such nonnegligence findings and the findings that such acts were "a proximate cause" of appellee's injury. If appellee's acts did nothing more than furnish or give rise to the reason by which his injury was made possible, they cannot be the basis for the defense of contributory negligence, unless such acts were also negligent. Sledge v. Panhandle & Santa Fe Ry. Co. (Tex.Com.App.) 45 S.W.(2d) 1112. And this is true even though the injury would not have happened but for such condition.

In connection with the above-quoted special issues Nos. 27, 28, and 29, appellants requested, but the court refused to submit, the following special issue:

"Do you find from a preponderance of the evidence that the act of plaintiff in driving said Chevrolet coupe with one arm resting on the open window thereof and his arm and elbow extending outside of said car, was the sole cause of his injuries?"

Appellants contend that the evidence raised the issue of sole proximate cause, and that the court erred in refusing to submit the requested issue. We do not sustain the contention. By submitting special issues 27, 28, and 29, the court inquired if appellee was driving his car with one arm resting on the open window and extending outside, if this was negligence and "a proximate cause." The jury found that such act was not negligence, but was "a proximate cause" of appellee's injury. Thus the court submitted all the elements of the particular act of contributory negligence pleaded; and the jury refused to sustain the defense by finding that the alleged act of contributory negligence was not negligence. To be within the meaning of "proximate cause" as an element of contributory negligence, the injured party's act need not be "the sole proximate cause," but it need only be "a proximate cause" of the injury or damage. So, if the defense of contributory negligence is established by findings that the alleged act was negligence and was "a proximate cause" of the injury, a defendant is not entitled to have submitted an issue as to whether the same act is also "the sole proximate cause" of the injury. The jury should not be confused by an inquiry as to whether the act is "the sole proximate cause" of the injury. Williams v. Zang (Tex.Com.App.) 279 S.W. 815; Schroeder v. Whisenant, 93 S.W.(2d) 571, wherein the same issue was requested as in this case and was refused; and the Court of Civil Appeals, speaking through Mr. Justice Martin, held that the failure to submit an issue on sole proximate cause was not error. The several cases cited by appellants are not in point. They are cases wherein persons were injured by the alleged separate negligence of two or more persons, and in which the courts held that either of the defendants was entitled to have submitted

an issue as to whether the act of one defendant was the "sole proximate cause" of the accident or injury. Magnolia Pet. Co. v. Ford (Tex.Civ.App.) 14 S.W.(2d) 97; Southland Greyhound Lines v. King (Tex.Civ.App.) 81 S.W.(2d) 121; Goodson v. Schwandt, 318 Mo. 666, 300 S.W. 795.

■ Nor do we sustain appellants' proposition that the trial court's judgment should ,be reversed because of the answer of witness Mrs. Annie Cummings, on cross-examination, made voluntarily and not in response to any question propounded by appellee's attorney. This voluntary statement related to the question of who took her written statement as to what occurred at the time of the accident, she being a witness to the accident. Appellee's attorney asked her the following questions, to which she made the following answers:

"Q. Did he tell you he was working for the Williams Company? A. No, he said he was insurance—

"Q. He wasn't—it wasn't Mr. Long here, or anybody? A. No, sir."

Appellee's attorney interrupted the witness who was introduced by appellants before the sentence was completed, and indicated to the court his willingness for the court to instruct the jury to disregard the answer as not being responsive. Appellants' counsel, however, declined to have any such instruction given the jury by the court, and requested that the jury be discharged and a new trial ordered. This the trial court refused to do.

The rule is recognized in Texas that a direct question as to whether insurance was carried by a defendant is error. Such, however, is not the rule in the instant case where the appellants' witness volunteered the answer that she gave her statement to the insurance company's agent. The rule controlling statements of this character is stated in 33 Tex.Jur. § 171, p. 278, as follows: "But this rule has been held not to apply where, on cross examination, a witness of the defendant volunteered the information that he had made a statement to a representative of an insurance company, it not appearing that the plaintiff's attorney knew what the witness would swear."

See, also, Carter-Mullaly Transfer Co. v. Bustos (Tex.Civ.App.) 187 S.W. 396. No reason could exist why a plaintiff should be responsible for the voluntary statements and unresponsive answer made by a defendant's witness, even on cross-examination. Especially is this so where the record clearly shows that counsel for appellee did not know and had nothing to do with the voluntary and unresponsive answer of the witness.

■ Appellants contend that the court's charge or instruction defining "new and independent cause" erroneously used the language "would not have reasonably foreseen"; but that the charge should have read, "would have reasonably foreseen," because the word "not" being a negative, it gave the charge precisely the reverse of its intended meaning. If it be assumed that the word "not" was erroneously used in the charge, the appellants not having pointed the error out by proper and timely objection, must be held to have waived the same.

■ By special issue No. 18 the court submitted the question of unavoidable accident, as follows: "Were the injuries of George Long the result of an unavoidable accident as that phrase has been defined to you above?"

The jury were also instructed as follows: "You are instructed that the burden of proof is upon the plaintiff to establish by a preponderance of the evidence the facts, if any, upon which to base an answer of 'no' to such special issue No. 18, if such answer is made."

Appellants contend that the instruction given is a mere feint to give apparent compliance with the rule that the burden of proof is upon the plaintiff to show that the accident of which he was complaining was unavoidable. We think the definition sufficiently complied with the rule and properly placed the burden of proof upon appellee in the instant case to show that the accident was not unavoidable.

■ In submitting to the jury the issue as to the amount of damage, the court gave the following instruction as to the elements of damage:

"(2) The present cash value of wages lost, if any, by the plaintiff up to the time of the trial, not to exceed four months;

"(3) The present cash value of his diminished earning capacity, if any, up to the time of the trial, and his diminished earning capacity, if any, as you may believe he will in reasonable probability sustain in the future, if any."

Appellants contend that to allow one the cash value of wages and at the same time the cash value of his diminished earning capacity for one and the same period of time clearly allows a double recovery. No reversible error is presented by this proposition. The evidence was clear in showing that plaintiff had lost all of his wages or time for approximately four months; and the court limited the inquiry in its instruction to wages lost not to exceed four months. The evidence also showed that appellee had a considerably diminished earning capacity after he again started to work, which was confined to a specific date, and which continued until the case was tried in the court below. Appellants did not object to the instruction, nor point out the error complained of in order to give the trial court an opportunity to correct same prior to its submission to the jury. Nor do appellants complain that the verdict was excessive. So, if it be assumed that the charge was erroneous, it will be regarded as waived, or as harmless.

We find no error in the judgment of the trial court, and it will be affirmed.

Affirmed.