Lillian J. SULLIVAN, Executrix of the Estate of Amy Putnam Lesher, Appellant,

v.

YELLOW CAB COMPANY of the District of Columbia, Appellee.

No. 3729.

District of Columbia Court of Appeals.

Argued July 12, 1965.

Decided Aug. 10, 1965.

Russell Hardy, Sr., Washington, D. C., for appellant.

George J. Hughes, Washington, D. C., with whom Charles Jay Pilzer, Washington, D. C., was on the brief, for appellee.

Before HOOD, Chief Judge, and QUINN and MYERS, Associate Judges.

MYERS, Associate Judge.

This case involves an appeal from a judgment on a jury verdict in favor of appellee Yellow Cab Company of the District of Columbia in a personal injury action brought by appellant Lillian J. Sullivan as executrix of the estate of Amy Putnam Lesher, deceased, under the Survival of Rights of Actions Act, 12 D.C.Code, 1961 § 101 (Supp. IV 1965).

A taxicab belonging to appellee was dispatched to pick up decedent (a 73-year-old woman) and appellant, her sister. Upon arrival, the driver parked his cab parallel to the curb, six to eighteen inches from it, where the two ladies were standing. Prior to attempting to enter the cab, decedent placed her pocketbook and cane upon the front seat, and as she was doing so the driver left the cab to come around to assist her, if needed. Before he could reach her, however, she fell to a sitting position on the front seat, sustaining a hair-line fracture of her left arm, for which she was hospitalized. Thereafter she died from causes concededly unconnected with the accident. As executrix of the estate of her sister, appellant filed suit for damages for physical injuries sustained by decedent allegedly caused by "negligence and defective construction" of the taxicab. After trial the jury returned a verdict denying recovery of damages by appellant executrix, and she has appealed.

Appellant first contends that the trial court erred in refusing to allow the introduction of evidence or oral argument in respect to damages for the physical incapacitation or disability of decedent arising from her accident. The Survival of Rights of Actions Act provides:

"On the death of a person in whose favor or against whom a right of action has accrued for any cause prior to his death, the right of action survives in favor of or against the legal representative of the deceased. In tort actions for personal injuries, the right of action is limited to damages for physical injury, excluding pain and suffering resulting therefrom."

In Hudson v. Lazarus, 95 U.S.App. D.C. 16, 20, 217 F.2d 344, 348 (1954), the United States Court of Appeals for the District of Columbia Circuit reviewed this statute, particularly the limitation excluding recovery for damages for pain and suffering, and stated:

"We think a disability is not, in itself, 'pain and suffering'. It is not within the ordinary meaning of those words and we see no reason to think Congress used the words in a special sense. A disabled man may or may not suffer pain. Even if he does, after his death his administrator cannot recover for his pain and suffering. But in our opinion his administrator may recover for his disabilities."

Although the trial court here refused to permit testimony relating to decedent's disabilities arising from the incident and restricted the evidence to special damages and costs incurred therefrom, the record reveals a full disclosure of the nature and type of physical injury decedent sustained. We are convinced it was error to exclude such testimony, but such error was insubstantial and harmless in view of the fact that the jury found the taxicab driver was not responsible for decedent's fall and therefore appellant as her executrix was not entitled to recover even the special damages for which adequate proof had been submitted to the jury. An appellate court will not reverse a judgment upon a jury verdict for harmless error which has not been shown to have prejudiced substantial rights in the proceedings or the ultimate outcome of the trial.[1] This is such a case.

Appellant also claims error in the denial by the trial court of her request for punitive damages against the taxicab company. The law is well settled in this jurisdiction on this subject. DeFoe v. Potomac Electric Power Co., D.C.Mun.App., 123 A. 2d 920, 922–923 (1956), holds:

"As a predicate for awarding exemplary damages against a corporation, because of the acts of its agent, it must first be found that the acts of the agent were unlawful, partaking somewhat of a criminal or wanton nature and that they were characterized by willfulness, wantonness and malice and such conduct must be clearly established * * *.

"Assuming that the above test [is] met, the corporation is still not liable unless it be shown that an officer or director of it authorized or ratified the act in question either before or after it was committed."[2]

The requisites to justify imposition of punitive damages here are absent. There was no showing that the actions of appellee's driver at the time were wilful, wanton or malicious. There was therefore no error in refusing to allow appellant to ask punitive or exemplary damages from the jury.[3]

Certain portions of the instructions given by the trial judge to the jury are also assigned as errors. The first deals with the duty of appellee's driver to assist decedent in boarding his cab.

"[Y]ou are instructed that the taxicab company or its driver is under no obligation to assist the passenger on entering its vehicle, and its failure to assist a prospective or actual passenger in entering its vehicle does not constitute negligence."

Ordinarily and in the absence of special circumstances, there is no duty resting upon a common carrier to render aid to a passenger in boarding its conveyance. Only in the event that a passenger is handicapped by physical disability, such as blindness, illness, age, lameness, or other obvious infirmity, any of which would be reasonably apparent or made known to the carrier, does the duty on the part of the carrier's agent arise to give such assistance to the passenger as is reasonably necessary in boarding or alighting. Sumpter v.

1. Liberty Mutual Ins. Co. v. Staten, D.C. App., 201 A.2d 528 (1964); Baldi v. Nimzak, D.C.Mun.App., 158 A.2d 915 (1960); Guaranty Development Co. v. Liberstein, D.C.Mun.App., 83 A.2d 669 (1951).

2. See also Wardman-Justice Motors v. Petrie, 59 App.D.C. 262, 39 F.2d 512, 69 A.L.R. 648 (1930); General Motors Acceptance Corp. v. Froelich, 106 U.S. App.D.C. 357, 273 F.2d 92 (1959).

3. The complaint makes no demand for punitive damages and there is no reference to punitive damages as an issue in the pretrial proceedings. The request for punitive damages was first presented at the start of the trial and, we think, properly denied. GS Rule 16; London Guarantee & Acc. Co. v. Enterprising Services, D.C.App., 192 A.2d 292, 293 (1963).

Tamiami Trail Tours, Inc., 122 So.2d 732, 93 A.L.R.2d 232 (Fla.1960); Singletary v. Atlantic Coast Line R. R., 217 S.C. 212, 60 S.E.2d 305, 30 A.L.R.2d 326 (1950); Lattimer v. Texas Pac. Ry., 106 S.W.2d 727 (Tex.Civ.App.1937); Annot., 75 A.L.R.2d 998, § 6; 14 Am.Jur.2d Carriers §§ 1008, 1011. However, if such person is attended by a companion apparently capable of giving any necessary assistance, there is no obligation upon the carrier's agent to proffer aid. Here the decedent was accompanied by her sister and any duty of the driver did not arise even if the circumstances might otherwise have brought such duty into play. Southern Ry. Co. v. Hayne, 209 Ala. 186, 95 So. 879 (1923); Louisville & N. R. R. v. Dyer, 152 Ky. 264, 153 S.W. 194 (1913). We are of the opinion that appellee's driver was not negligent in failing to reach his prospective passenger before she herself attempted to board the vehicle by her own efforts and without the help of her sister. The instruction under the facts here shown was not erroneous.

■ The other instruction complained of covered the parking of the taxicab. It was as follows:

"You are further instructed that the failure of a cab driver to stop his vehicle within one foot of the curb does not constitute negligence.

"If you find that the cab driver in this case did not park his vehicle within one foot of the curb, and that plaintiff saw, or could have seen, the position of the cab from the curb, then the mere failure to park the car within one foot of the curb is not negligence, per se."

Appellant argues that by so instructing the jury the trial judge decided a factual question—the exact distance the cab stopped from the curb—and eliminated distance as a factor for the jury to consider, in connection with other circumstances then and there existing, as a basis for a finding of negligence. The only effect of the instruction was to prohibit the jury from basing a finding of negligence upon the distance appellee's cab was parked from the curb. Where, as here, there is doubt that the distance between the cab and the curb was even a contributing factor to the accident, the instruction was proper and did not in any wise prejudice the submission of the question of negligence to the jury. Marshall v. Capital Transit Co., 95 App. D.C. 1, 216 F.2d 636 (1954); Swank v. Capital Transit Co., 95 App.D.C. 127, 220 F.2d 807 (1955).

At oral argument here, appellant's attorney announced that certain originally claimed errors in the record had been withdrawn. Other assignments of error we have considered and find to be without merit.

Affirmed.