344 So.2d 896 (1977)
COMMODORE CRUISE LINE, LTD., Appellant,
v.
Ilona KORMENDI and George Kormendi, Appellees.
No. 75-1375.
District Court of Appeal of Florida, Third District.
March 29, 1977.
Rehearing Denied May 4, 1977.
Fowler, White, Burnett, Hurley, Banick & Knight and Frank Marston, Miami, for appellant.
*897 Horton, Perse & Ginsberg, Stanley M. Rosenblatt, Miami, for appellees.
Before HENDRY, C.J., and BARKDULL and NATHAN, JJ.
PER CURIAM.
Appellant, defendant below, appeals from a final judgment entered pursuant to a jury verdict which awarded appellees, plaintiffs below, both compensatory and punitive damages for an assault and battery alleged to have been committed upon appellee Ilona Kormendi by an employee of appellant during a cruise on appellant's ship; and from a post judgment "order denying defendant's motion to alter or amend final judgment and/or to set aside the judgment and/or for new trial."
Appellee, traveling without her husband, was allegedly assaulted and battered by an employee of appellant. The incident was alleged to have occurred one evening, during a Carribbean cruise on appellant's ship, while appellee was a passenger. The assailant apparently attempted to rob appellee's cabin, but was taken by surprise by appellee's presence in said cabin. A scuffle ensued after which the knife-wielding individual ran from the scene. This retreat was, however, not taken before appellee identified the person as a black man in crewman's garb. A subsequent investigation by the ship's captain and officers transpired, however, the identity of the assailant was never discovered.
The cause proceeded to trial upon the theory of breach of contract of common carriage. At trial, there was ample testimony to suggest that the aforementioned investigation to ascertain the identity of the assailant was far from adequate, as there were no black passengers aboard the ship during the cruise and only two black crewmen.
At trial's conclusion, a jury returned a verdict for appellees and against appellant in the sum of Eighty-five Thousand Dollars ($85,000.00) compensatory damages and Two Hundred Thousand Dollars ($200,000.00) punitive damages. Post trial motions were filed by appellant and denied by the court and this appeal follows.
Appellant raises two points on appeal. The first point challenges the sufficiency of the evidence in support of appellees' claim for assault and battery. After reviewing the record, we are of the opinion that there was substantial competent evidence adduced that would support a verdict for appellees. As such, there was no error in denying either appellant's motion for directed verdict or its post-trial motion for entry of judgment notwithstanding the verdict, properly styled a motion for judgment in accordance with motion for directed verdict. Whitman v. Red Top Sedan Service, Inc., 218 So.2d 213 (Fla.3d DCA 1969); Hall v. Ricardo, 331 So.2d 375 (Fla.3d DCA 1976).
Appellant's second point concerns the correctness of an award of punitive damages. It is appellant's contention that, pursuant to a cause of action based upon a breach of contract of common carriage, punitive damages are only awardable against an employer when its employee commits an intentional, wilful, wanton or malicious act while within the scope of his employment. Sub judice, no contention or argument was made by appellees that the assault occurred while within the official duties of the employee and therefore, appellant argues, it was error to allow punitive damages.
For the reasons that follow, we agree with appellant's contention and reverse.
Under Florida Law, punitive damages are not generally recoverable for breach of contract unless the acts constituting the breach also amount to an independent cause of action in tort, sustained by proper allegations and proof of an intentional wrong, insult, abuse or gross negligence. Country Club of Miami Corporation v. McDaniel, 310 So.2d 436 (Fla.3d DCA 1975).
Furthermore, under Florida law, a contractual duty arises between a passenger and common carrier obligating the carrier to transport the passenger to his or her destination, exercising the highest degree *898 of care and vigilance for the passenger's safety. Hall v. Seaboard Air Line Ry. Co., 84 Fla. 9, 93 So. 151 (1921); 5 Fla.Jur. Carriers, § 108. The carrier's duty is transferred by and through its employees and any wilful misconduct by its employees are actionable as against the carrier-employer. Hall, supra, 14 Am.Jur.2d Carriers, § 1059.
In addition, in comparison to an ordinary master-servant relationship, a common carrier is liable to a passenger for the wrongful acts of his or her employees during the contractual period, notwithstanding the fact that said acts are not within the scope of the employees employment. Pelot v. Atlantic Coast Line R. Co., 60 Fla. 159, 53 So. 937 (1911); Columbia By The Sea, Inc. v. Petty, 157 So.2d 190 (Fla.2d DCA 1963); 14 Am.Jur.2d Carriers, § 1061. Compare Reina v. Metropolitan Dade County, 285 So.2d 648 (Fla.3d DCA 1973), where the contract of carriage had terminated before the employee  bus driver assaulted the former passenger.
The only question, then, for our determination, is whether the expanded liability of a common carrier for damages occasioned by a breach of contractual duty owed by its employee to a passenger includes liability for punitive damages, over and above compensatory damages, notwithstanding the fact that the complained of act or acts were committed by the employee outside the scope of his employment.
While case law and authority for awarding punitive damages against a common carrier and in favor of a passenger for the wrongful acts of an employee done within the scope of the employee's employment are ample, Miami Transit Co. v. Yellen, 156 Fla. 351, 22 So.2d 787 (1945); Atlantic Greyhound Lines v. Lovett, 134 Fla. 505, 184 So. 133 (1938); 5 Fla.Jur. Carriers § 144; our research and research of counsel have failed to reveal dispositive authority from within this state for the question posed above.
Research of the law in other jurisdictions which have considered the question does reveal the following. In order for a common carrier to be liable to a passenger for punitive damages, the insulting, abusive or intentional wrong must be committed by the employee while discharging duties within the scope of his employment, McManigal v. Chicago Motor Coach Company, 18 Ill. App.2d 183, 151 N.E.2d 410 (1958); or the act must be authorized by the employer or subsequently ratified by him. Pullman Co. v. Hall, 46 F.2d 399 (4th Cir.1931); Soucy v. Greyhound Corporation, 27 A.D.2d 112, 276 N.Y.S.2d 173 (1967); Sullivan v. Yellow Cab Company, 212 A.2d 616 (D.C.App. 1965).
In that the assault was not committed by the employee while discharging duties within the scope of his employment, it was therefore incumbent upon appellees to allege and prove at trial that the act was subsequently ratified or initially authorized by appellant. This was never done, however, assuming arguendo, that the theory of ratification was attempted by appellees, this would be to no avail. The law is clear that unless the original act under scrutiny is done on the behalf of the employer, no ratification can take place. G. & M. Restaurants Corp. Tropical Music Service, Inc., 161 So.2d 556 (Fla.2d DCA 1964). In addition, the Florida Supreme Court has stated that a criminal act committed outside the scope of a servant's authority cannot be ratified by the master. Mallory v. O'Neil, 69 So.2d 313 (Fla. 1954).
In conclusion, we hold that where, as here, a passenger injured by an employee of a common carrier files suit based upon a breach of contract of carriage, punitive damages can only be awarded to the passenger upon a proper allegation and proof that the complained of act was committed by the employee while within the scope of his employment or, when the act was initially authorized by the carrier or subsequently ratified by him. McManigal, supra, Sullivan, supra.
Accordingly, it was error to award punitive damages to appellees and therefore, the judgment appealed must be reversed and remanded with instructions to the trial judge to deduct the award of punitive damages from the total recovery. Once done, the final judgment as modified is affirmed.
*899 Affirmed in part; reversed and remanded in part.