SHEPHERD, J.
The appellant, Total Rehabilitation and Medical Centers, Inc. (Total Rehab), appeals an order denying its motion for judgment notwithstanding a jury verdict, which found Total Rehab liable for the negligent supervision of a male employee who raped a female patient in the rear of a company-owned van during the course of his assigned responsibility to transport her between two Total Rehab-related facilities. The victim, E.B.O., cross-appeals a directed verdict suffered by her on her claim that Total Rehab nevertheless is liable for the battery because it is a common carrier in the operation of its transportation service, subjecting it to a higher degree of responsibility. We affirm the directed verdict rendered against E.B.O. by the trial court, and, at the same time, reverse the post-trial order denying Total Rehab’s motion for judgment notwithstanding the verdict..

Facts

Although disputed by him, the facts of this case would reveal that E.B.O. was raped by Jose Luis Laverde, a Total Rehab employee, in the rear of a van owned by Total Rehab, on the return trip from one Total Rehab-related facility to another Total Rehab facility. Laverde, the assigned driver for the voyage, had driven E.B.O. alone to Fort Lauderdale for a M.R.I. According to the testimony of E.B.O., Laverde took advantage of her on the return trip, while she was semi-conscious from sedation. E.B.O.’s theory of the case is that Total Rehab is strictly liable for the intentional tort committed by its employee because it is a statutory common carrier under Florida law, and also that it is liable for negligent supervision by its placement of Laverde, a male, in the sole accompaniment of a female patient who Total Rehab knew would be of diminished capacity during a portion of the trip. It is undisputed that Laverde had no prior history of misconduct that would place Total Rehab on notice that Laverde would *696 misbehave in this manner.[1]

Discussion

For more than fifty years, Florida courts have recognized the viability of a common law cause of action for the negligent supervision of an employee. See Malicki v. Doe, 814 So.2d 347, 361 (Fla. 2002); Mallory v. O’Neil, 69 So.2d 313, 315 (Fla.l954)(adopting Section 317 of the First Restatement of Torts as “a sound rule”). Section 317 of the Restatement (Second) of Torts (1965), which language is ■ identical to that in the First Restatement, provides:
§ 317 Duty Of Master To Control Conduct of Servant
A master is under a duty to exercise reasonable care so to control his servant while acting outside the course of his employment as to prevent him from intentionally harming others or from so conducting himself as to create an unreasonable risk of bodily harm to them, if
(a) the servant
(i) is upon the premises in possession of the master or upon which the servant is privileged to enter only as his servant, or
(ii) is using a chattel of the master, and
(b) the master
(i) knows or has reason to know that he has the ability to control his servant, and
(ii) knows or should know of the necessity and opportunity for exercising such control.
Restatement (Second) of Torts § 317 (1965)(emphasis added).
Although E.B.O. concedes Laverde had no prior history of misbehavior that would place Total Rehab on notice that Laverde would perpetrate a tortious or criminal act on one of its patients, and recognizes the general rule that “sexual assaults and batteries by employees are held to be outside the scope of an employee’s employment and therefore, insufficient to impose vicarious responsibility on the employer,” Iglesia Cristiana La Casa Del Senor, Inc. v. L.M., 783 So.2d 353, 357 (Fla. 3d DCA 2001)(citing Nazareth v. Herndon Ambulance Serv., Inc., 467 So.2d 1076, 1078 (Fla. 5th DCA 1985)), E.B.O. nevertheless argues that Total Rehab is liable for the criminal act of Laverde because of the “unique circumstances” of this particular case, which she contends satisfies the otherwise troublesome element of proof faced by her- that Total Rehab must have “know[n] of the necessity” for it to “exercise[e more] control” over its servant and employee, Laverde, than it did on this trip. As E.B.O. sees it, this is a case of “unique circumstances” because Total Rehab “created an environment of opportunity” for Laverde’s misconduct during the course of the trip by failing to offer or assign an escort to accompany her given that Lav-erde is a male, Total Rehab knew that E.B.O. would suffer from diminished capacity during some portion of the trip, and that the rear side windows and rear window of the van were dimmed by silkscreen-like advertising. We find these facts insufficient to uphold the jury verdict in this unfortunate case.
Although our case law since Mallory has recognized the existence of negligence actions against employers for acts of an em *697 ployee committed outside the scope and course of his employment,
Once liability began to be imposed on employers for acts of their employees outside the scope of employment, the courts were faced with the necessity of finding some rational basis for limiting the boundaries of that liability; otherwise, an employer would be an absolute guarantor and strictly liable for any acts committed by his employee against any person under any circumstances. Such [condition] would be an intolerable and unfair burden upon employers.
Garcia v. Duffy, 492 So.2d 435, 439 (Fla. 2d DCA 1986). In a commendable review of the law in this area some twenty years ago, Judge Schoonover of the Second District Court of Appeal concluded:
Only when an employer has somehow been responsible for bringing a third person into contact with an employee, whom the employer knows or should have known is predisposed to committing a wrong under circumstances that create an opportunity or enticement to commit such a wrong, should the law impose liability on the employer.
Id. (citing Restatement (Second) of Torts § 302B(D)); see also Iglesia Cristiana La Casa Del Senor, Inc. v. L.M., 783 So.2d at 358 (church not liable for sexual assault on minor by pastor because “it [did not have] constructive or actual notice that [he] was unfit to work as a pastor at the [c]hurch”); Stephenson v. School Bd. of Polk County, 467 So.2d 1112 (Fla. 2d DCA 1985)(school board not liable for negligent supervision because “no indication from the record that [it] was put on notice of the harmful propensities of [its] employees”); Willis v. Dade County Sch. Bd., 411 So.2d 245, 246 n. 1 (Fla. 3d DCA 1982)(“[T]o state a cause of action for the tort of negligent hiring or retention recognized in Florida, a plaintiff must allege facts showing that the employer was put on notice of the harmful propensities of the employee.”)(internal citations omitted).
As we have stated, it is conceded that there was no evidence that Total Rehab knew or had reason to know that Laverde would commit the battery which the jury found to have occurred. E.B.O. nevertheless argues that there was a jury issue in the case. However, for us to so conclude, we necessarily would have to approve the underlying premise of her argument that there exists in the male species a substantial, immutable flaw of the first magnitude. E.B.O. offered no proof of such a flaw in the species, and we consider it beyond our ken to so conclude. Cf. Nazareth, 467 So.2d at 1078 (holding, in rape case against ambulance service, the plaintiffs claim that “only female attendants [should] attend female passengers in ambulance has [no] merit ... ”). Accordingly, the trial court should have granted Total Rehab’s motion for judgment notwithstanding the verdict.
Although E.B.O.’s claim in this case may have been aided if Total Rehab was a common carrier engaging in the transportation business, see Commodore Cruise Line, Ltd. v. Kormendi, 344 So.2d 896 (Fla. 3d DCA 1977)(“The [common] carrier’s duty is transferred by and through its employees and any wilful misconduct by its employees [is] actionable as against the. carrier-employer.”), we find that the trial court correctly held that Total Rehab is not a common carrier. Under the law of this state, a common carrier includes a company “who undertakes for hire, as a regular business, to transport persons or commodities from place to place offering his or her services to all such as- may choose to employ him and pay his or her charges.” § 370.01(6), Fla. Stat. (2001). In- contrast, a private carrier is generally one who undertakes transporta *698 tion of a person or property as incident to other business. See 9 Fla. Jur 2d Carriers § 1, pg. 98-99 (1997)(using as an illustration a hotel corporation which furnishes inter-facility transportation to its guests). E.B.O. has proffered no evidence that Total Rehab’s vans were uniformly available to all of its patients, let alone to the general public. Cf. Nazareth, 467 So.2d at 1081 (ambulance service is a common carrier under Florida law). We therefore affirm the trial court’s determination on this issue.
Affirmed in part, reversed in part, and remanded with directions that judgment be entered for the appellant, Total Rehabilitation and Medical Centers, Inc.

. This fact resulted in a directed verdict in Total Rehab's favor on a separate claim of negligent hiring. See Watson v. Hialeah, 552 So.2d 1146, 1148 n. 2 (Fla. 3d DCA 1989)("Negligent hiring occurs when, prior to the time the employee is actually hired, the employer knew or should have known of the employee’s unfitness .... ”)(internal quotations omitted). E.B.O. has not appealed that decision.